Huang v. Lynch

BIA
Poczter, IJ
A200 236 668

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of March, two thousand sixteen.

PRESENT:
        JON O. NEWMAN,
        PETER W. HALL,
        DEBRA ANN LIVINGSTON,
            *Circuit Judges.*

_____

BIN HUANG,
        *Petitioner,*

        v.                                  13-2156
                                            NAC
LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:        Mona Liza F. Lao, New York, New York.

FOR RESPONDENT:        Joyce R. Branda, Acting Assistant Attorney General; John W. Blakeley, Acting Assistant Director; Francis W. Fraser, Senior Litigation Counsel; Office of Immigration

**Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Bin Huang, a native and citizen of the People's Republic of China, seeks review of an April 30, 2013, decision of the BIA affirming the August 6, 2012, decision of an Immigration Judge ("IJ"), which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), and his motion for a continuance. *In re Bin Huang*, No. A200 236 668 (B.I.A. Apr. 30, 2013), *aff'g* No. A200 236 668 (Immig. Ct. N.Y. City Aug. 6, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented by the BIA. *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

**I. Adverse Credibility Determination**

For asylum applications such as Huang's, which are governed by the REAL ID Act, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's "demeanor, candor, or responsiveness," the plausibility of his account, and inconsistencies in his statements, without regard to whether they go "to the heart of the applicant's claim." *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 167 (2d Cir. 2008).

The agency's adverse credibility finding is supported by substantial evidence. The IJ properly relied on Huang's inconsistencies and implausible testimony to find a lack of credibility. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167.

Huang testified that Chinese police detained and beat him because he worshiped at a house church, and that the beating was so severe that he was unable to work for the next year. However, he did not mention this inability to work in his asylum application, and it is not mentioned in the letter his mother wrote in support of his application. Huang further testified that police officers visited his

parents' house every two or three months looking for him, but neither his application nor his mother's letter indicates that officers visited more than once.

To explain these discrepancies, Huang testified that he did not think that his inability to work for a year was important when preparing his application, and that he did not tell his parents that he was unable to work.  He also testified that he thought his mother's letter, which stated that police officers had come looking for him, was sufficiently detailed.  None of these explanations compels a reasonable fact-finder to credit it.  *Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

The IJ similarly did not err in finding implausible Huang's testimony that he never sought medical treatment for injuries so severe that he was allegedly unable to work for a year after they were inflicted.  This finding is "tethered to record evidence" and based on common sense, and therefore we do not disturb it.  *Siewe v. Gonzales*, 480 F.3d 160, 168-69 (2d Cir. 2007).

The IJ found that Huang's sparse corroborating evidence did not rehabilitate his incredible testimony.  *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007).  The IJ also

4

found that Huang had failed to provide reasonably available evidence regarding his religious activities, both in China and in the United States, most importantly testimony or an affidavit from his wife.  These findings were supported by substantial evidence.  *See* 8 U.S.C. § 1252(b)(4); *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 341, 342 (2d Cir. 2006); *Yan Juan Chen v. Holder*, 658 F.3d 246, 253 (2d Cir. 2011).  Huang argues that a failure to corroborate, on its own, may not be the basis of an adverse credibility determination, *Xiao Ji Chen*, 471 F.3d at 341, but here the IJ found Huang incredible not solely on that basis.

Because the only evidence of a threat to Huang's life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claims for asylum, withholding of removal, and relief under the CAT.  *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

**II. Denial of Continuance**

We review the agency's denial of a continuance for abuse of discretion.  *Sanusi v. Gonzales*, 445 F.3d 193, 199 (2d Cir. 2006).  An abuse of discretion occurs "if (1) [a] decision rests on an error of law (such as the application of the wrong legal principle) or a clearly erroneous factual

5

finding[;] or (2) [a] decision-though not necessarily the product of a legal error or a clearly erroneous factual finding-cannot be located within the range of permissible decisions." *Morgan v. Gonzales*, 445 F.3d 548, 551-52 (2d Cir. 2006). The IJ did not abuse her discretion in denying Huang's motion for a continuance because Huang had sufficient time before his merits hearing to procure witnesses. *Cf. Chuilu Liu v. Holder*, 575 F.3d 193, 198 (2d Cir. 2009) ("[T]he alien bears the ultimate burden of introducing [corroborating] evidence without prompting from the IJ").

For the foregoing reasons, the petition for review is DENIED. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk